IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
00 FEB 16 PM 2:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| HERMAN STIEFEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 97-JEO-1512-M |
| | ) |
| TYSON FOODS, INC., | ) |
| | ) |
| Defendant. | ) |

ENTERED
FEB 16 2000

## MEMORANDUM OPINION

The jury returned a verdict in favor of the plaintiff, Herman Stiefel, in this age discrimination case under the Age Discrimination and Employment Act (ADEA). 29 U.S.C. § 621, *et seq*. Presently before the court are the defendant's motion for judgment as a matter of law at the close of the plaintiff's case (doc. 53) and the renewal of that motion at the close of all the evidence, both of which were reserved for ruling; the defendant's renewed motion for judgment as a matter of law or, in the alternative, for a new trial (doc. 57); and, the defendant's motion to set aside the jury's award of liquidated damages (doc. 58). The parties have been afforded a full opportunity to present their arguments in briefs and at a hearing on April 16, 1999. Upon consideration, the court finds that the motions are due to be denied.

The defendant's motions for judgment as a matter of law and for a new trial assert that the plaintiff has not (1) presented a *prima facie* case of discrimination because he did not establish that he was qualified to retain his position under the defendant's safety rules; (2) presented sufficient evidence discrediting the legitimate nondiscriminatory reasons for the termination offered by the defendant, that is, the fact that the plaintiff had three chargeable

62

accidents in a six month period, resulting in 18 points being charged against him under the company's driving program; and, (3) presented sufficient evidence that the decision to terminate the plaintiff was based on improper considerations. (Doc. 53, p. 1; Doc. 57, pp. 1-2). The motion to set aside the jury's award of liquidated damages asserts that the award is not supported by the evidence. (Doc. 58, p. 1).

## I. STANDARDS FOR REVIEWING THE MOTIONS

### A. Judgment as a Matter of Law

The standard in reviewing the defendant's motions for judgment as a matter of law is clear. This court "may enter judgment as a matter of law if a party has been fully heard on an issue and there is no legally sufficient basis for a reasonable jury to find in favor of that party on that issue." *Carter v. DecisionOne Corp. Through CT Corp. Systems*, 122 F.3d 997, 1003 (11th Cir. 1997). *See also Tidwell v. Carter Products*, 135 F.3d 1422, 1425 (11th Cir. 1998)("The issue is whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.")(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986)). The court also must consider all the evidence and inferences in a light most favorable to the nonmoving party. *Carter*, 122 F.3d at 1003; *Tidwell*, 135 F.3d at 1425 (citing *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989)); *Bogle v. Orange County Board of County Commissioners*, 162 F.3d 653, 656 (11th Cir. 1998). In applying the applicable test, the *Carter* court stated that

> [i]f the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict, then the motion was properly granted. Conversely, if there is substantial evidence opposed to the

> motion such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions, then such a motion was due to be denied and the case was properly submitted to the jury.

*Carter*, 122 F.3d at 1003. "'[O]nce an [ADEA] plaintiff has . . . put on sufficient evidence to allow a factfinder to disbelieve an employer's proffered explanation for its actions, that alone is enough to preclude entry of judgment as a matter of law.' [*Combs v. Plantation Patterns*, 106 F.3d 1519,] at 1532, 1535 [(11th Cir. 1997), *cert. denied*, [522] U.S. [145], 118 S. Ct. 685, 139 L. Ed. 2d 632 (1998)]." *Bogle*, 162 F.3d at 658.

### B. New Trial

"A motion for a new trial may only be granted when the jury's verdict is against the great weight of the evidence." *Carter*, 122 F.3d at 1004. "Although a trial judge cannot weigh the evidence when confronted with a motion [for judgment] notwithstanding the verdict, in a motion for a new trial the judge is free to weigh the evidence. . . . The trial court, however, must find the verdict contrary to the *great*, not merely the greater, weight of the evidence." *Rosenfield v. Wellington Leisure Products, Inc.*, 827 F.2d 1493, 1498 (11th Cir. 1987), *citing Williams v. City of Valdosta*, 689 F.2d 964, 973 (11th Cir. 1982) (emphasis added). Where "the trial involved simple issues and highly disputed facts, and where the trial lacked 'pernicious occurrences' such as prejudicial comments by counsel or introduction of possibly inflammatory evidence," the review by this court should be more deferential to the verdict of the jury. *Watts v. Great Atlantic and Pacific Tea Co., Inc.*, 842 F.2d 307, 310 (11th Cir. 1988). 842 F.2d at 310-11, *citing Williams*, 689 F.2d at 974. *Accord Hardin v. Hayes*, 52 F.3d 934, 938 (11th Cir. 1995).

## II. DISCUSSION

### A. *Prima Facie* Case

"To create a jury question in a discrimination case based on circumstantial evidence, a plaintiff must establish a *prima facie* case of discrimination." *Tidwell*, 135 F.3d at 1426. To make out a *prima facie* case of age discrimination, the plaintiff must show (1) he is a member of the protected group; (2) his status as an employee was adversely affected; (3) he was replaced by someone "substantially younger"; and, (4) he was qualified for the job. *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998). The Eleventh Circuit has "repeatedly stressed that an overly strict formulation of the elements of a *prima facie* case is to be avoided." *Walker v. NationsBank of Florida, N.A.*, 53 F.3d 1548, 1556 n.12 (11th Cir. 1995).

The defendant asserts that the plaintiff did not present sufficient evidence that he (the plaintiff) was qualified to perform his job. Tyson premises this argument on the "undisputed" fact that he was involved in three chargeable accidents in six months and accumulated 18 points under Tyson's "Point Evaluation System" ("PES") that was used to evaluate drivers. (Doc. 57, p. 1). If this evidence were examined without consideration of the other relevant evidence, the defendant might be right. However, under the applicable standard of review, the plaintiff's long driving history before and while he was working with Tyson demonstrates that he was qualified for purposes of establishing a *prima facie* case. The plaintiff was an experienced truck driver, having driven most of his adult life, and having worked as a driver with Tyson for the preceding eight years. Until his driving problems in 1996, he had a good record. He testified that he was physically able to continue his responsibilities as a driver and he has retained his commercial driver's license. The defendant's assertion that the plaintiff was not qualified due to his "three

4

chargeable accidents within a period of six months" and "accumulated eighteen points" under the defendant's driving program is what creates the factual dispute preventing the grant of a judgment as a matter of law on this issue. The plaintiff asserts that Herren improperly singled him out premised on his age. The defendant denies this and asserts that the plaintiff was not qualified under the company's driving program. Thus, a factual dispute remains.

### B. Pretext

"Once an employer offers a legitimate, nondiscriminatory reason for its action, the plaintiff must show that 'there is sufficient evidence to demonstrate the existence of a genuine issue of fact as to the truth of each of the employer's proffered reasons for its challenged actions' in order to survive judgment as a matter of law." *Tidwell*, 135 F.3d at 1426 (quoting *Combs*, 106 F.3d at 1529). There must be more than a mere scintilla of evidence to survive the motion. *Tidwell*, 135 F.3d at 1425. It is also clear that "a plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reason, at least not where, . . . , the reason is one that might motivate a reasonable employer." *Tidwell*, 135 F.3d at 1427 (citing *Combs*, 106 F.3d at 1543).

The defendant asserts that the plaintiff did not produce substantial probative evidence that the decision to terminate the plaintiff was not premised on his accumulation of 18 points under the PES or that this asserted basis for the termination was a pretext for age discrimination. Specifically, the defendant asserts that the plaintiff did not demonstrate pretext because (1) the failure of the defendant to follow its "Fleet Driver's Manual" procedures does not show pretext; (2) Mr. Herren's "retirement talk" is not sufficiently connected to the plaintiff's termination; and, (3) the comparators identified by the plaintiff and allowed to testify by the court "were not

similarly situated in relevant and material respect" as to the plaintiff. (Doc. 57, p. 2).

Tyson's failure to follow its "Fleet Driver's Manual" alone does not establish pretext. It is, however, evidence the jury could consider regarding Tyson's motive. Similarly, Mr. Herren's "retirement talk" is not direct evidence of discrimination. It is, however, evidence the jury could consider regarding motive. For instance, the plaintiff testified that Herren asked him numerous times about retiring and on one occasion stated, "Let some younger man have it [the job]. Enjoy life." This evidence was relevant and probative on the issue of pretext.

Turning to the defendant's third contention, regarding comparators, the Eleventh Circuit wrote to this issue in *Maniccia v. Brown*, 171 F.3d 1364, 1368-69 (11th Cir. 1999), which was decided subsequent to this trial. The court stated:

> "In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Jones v. Bessemer Carraway Med. Ctr.*, 137 F.3d 1306, 1311 (11th Cir.), *opinion modified by* 151 F.3d 1321 (1998) (quoting *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997)). "The most important factors in the disciplinary context are the nature of the offenses committed and the nature of the punishments imposed." *Id.* (internal quotations and citations omitted). We require that the quantity and quality of the comparator's misconduct be *nearly identical* to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges. *See Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 19 (1st Cir. 1989) ("Exact correlation is neither likely nor necessary, but the cases must be fair congeners. In other words, apples should be compared to apples.").

*Maniccia*, 171 F.3d at 1368-69 (emphasis added).

The plaintiff's three accidents in six months, which Tyson asserts is the basis for the termination, consisted of (1) running a red light and striking another vehicle, (2) striking another vehicle while he was passing several other vehicles, and (3) hitting a stump on the side of a

private dirt road when he was attempting to avoid potholes in the road. The comparators included the following:

1. Kenneth Kilgore - Kilgore (45)[1] damaged tires, rims, feed bins and fenders while operating his truck and was not charged.[2]

2. Pat Compton - Compton (35) damaged tires and a wheel rim on his trailer when he hit a culvert on the side of the road on a private farm and he was not charged. This occurred around 1989.

3. William Wilson - Wilson (35) broke three springs on his trailer while crossing a bridge too fast at night in 1989. The plaintiff asserted that the failure to charge him with this accident made him a comparator. Had he been charged with that accident, he would have accumulated enough points to bar him from driving under the Fleet Driver's Manual.[3]

4. Larry Butler - Butler (39) was involved in an accident fatality when he struck an elderly man who staggered into the road while at his mailbox. The plaintiff asserts that this was a chargeable accident that Herren subjectively chose not to charge. The defendant asserted that it was not a preventable accident.

5. Kyle Crumbley - Crumbley (57) struck another vehicle with his truck and was not charged.

6. Terry Freeman/Ronnie Maroney - Two trucks were involved in a backing accident at the feed yard. Maroney (46) was originally charged points in the incident, but the accident review board reversed Herren's charging decision and charged Freeman (36) with the points.

The defendant offered examples of incidents where various truck drivers were charged points for preventable accidents and where drivers were not charged because the accident was deemed not

---

[1] The bracketed number is the individual's approximate age during the pertinent time.

[2] Kilgore was charged with an accident in 1992 when he pulled in front of another driver. He was also charged points for speeding and damage to an engine when it blew a gasket. The incident involving the engine was appealed by Kilgore and ultimately no points were assessed.

[3] Wilson had other driving violations during his tenure with Tyson that were charged, including incidents when he had an accident when he fell asleep, ran off the road into a culvert, and damaged wheel rims and when he damaged part of a trailer as he was backing out of a farm.

7

preventable.[4]

Contrary to the defendant's assessment, the comparators in this case necessarily included individuals such as Kilgore because Stiefel's last accident for which he was charged, resulting in his termination, involved damage to a trailer on private property. But for the defendant's response to this incident, the issue of who was a comparator would have been much easier. However, under the circumstances, the comparators included those drivers that Herren knew had damaged their equipment, such as by bending rims, in preventable incidents but were not assessed points. It was the defendant's response to the plaintiff's last accident that expanded the scope of the definition of a comparator in this case. To the extent the jurors considered the driving records of other drivers, the defendant was not prejudiced. If anything, it demonstrated the process by which Herren purportedly made his disciplinary decisions.

The court is satisfied that the plaintiff has provided sufficient evidence to sustain the jury's verdict, showing its disbelief of Tyson's proffered explanation for its actions. The evidence consists of Herren's statements to Stiefel regarding retirement and his inconsistent application of the Fleet Driver's Manual, particularly as it relates to the comparators enumerated above and as it relates to the defendant's response to incidents in which drivers caused damage to wheels and trailers. Accordingly, the motions for judgment notwithstanding the verdict are due to be denied. Additionally, the court cannot conclude, given what is before it, that the verdict is contrary to the great weight of the evidence; therefore, the motion for a new trial is due to be denied.

---

[4] The additional drivers included Jimmy Lee Barnard (55), Benny Camp (49), Thomas Elrod (53), Casey Knight (31), Ricky Thompson (48), Michael Thrasher (37), and Claude Vinyard (65).

Contrary to the defendant's assertion that this case is the "quintessential example of micro-management by the court," the court has been and continues to be aware of its responsibility "not to second guess the wisdom of [a defendant's] reasoning, but to determine if the reasons given were merely a cover for discriminatory intent." *Brown v. American Honda Motor Co.*, 939 F.2d 946, 951 (11th Cir. 1991). Insofar as the defendant is complaining about the detail of the court's injury into its treatment of the plaintiff as compared to others similarly situated, the defendant has only itself to blame. Its inconsistent application of its policies and procedures and its poor record keeping complicated the identification of comparators and necessitated a detailed analysis by the court.

### C. Liquidated Damages

The defendant also contests in a separate motion the jury's award of liquidated damages. It asserts that there is no evidence of willfulness to support the verdict.

The Supreme Court in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 105 S. Ct. 613, 83 L. Ed. 2d 523 (1985), set forth the applicable standard for willfulness in an ADEA case. The Court stated that conduct is willful "if 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA.'" *Thurston*, 469 U.S. at 128. The respondents in *Thurston* argued "that an employer's conduct is 'willful' if he is 'cognizant of an appreciable possibility that the employees involved were covered by the ADEA.'" *Id.* at 127. In rejecting this argument, the Court stated:

> We are unpersuaded by respondents' argument that a violation of the Act is "willful" if the employer simply knew of the potential applicability of the ADEA. Even if the "in the picture" standard were appropriate for the statute of limitations, the same standard should not govern a provision dealing with liquidated damages. More importantly, the broad standard proposed by the respondents would result in

9

an award of double damages in almost every case. As employers are required to post ADEA notices, it would be virtually impossible for an employer to show that he was unaware of the Act and its potential applicability. Both the legislative history and the structure of the statute show that Congress intended a two-tiered liability scheme. We decline to interpret the liquidated damages provision of ADEA § 7(b) in a manner that frustrates this intent.

*Id.* at 127-28. In *Carter v. DecisionOne Corp. Through CT Corp. Systems*, 122 F.3d at 1006, the Eleventh Circuit stated: "This court has held that an award of liquidated damages under the ADEA "does not require proof that the employer acted with an evil motive, bad purpose, or intent to violate the ADEA. *Formby v. Farmers and Merchants Bank*, 904 F.2d 627, 631 (11th Cir. 1990)." In *Formby,* the court stated:

To ensure that a separation exists between these two forms of liability, we have recognized that a showing that an employer engaged in intentional age discrimination does not automatically entitle a plaintiff to receive liquidated damages. *Stanfield v. Answering Service, Inc.*, 867 F.2d 1290, 1296 (11th Cir. 1989). The precise contours of the separation between a violation of the ADEA and a willful violation of the ADEA are, however, somewhat difficult to delineate. A mere showing that an employer knew of the potential applicability of the ADEA, *Thurston*, 469 U.S. at 129-30, 105 S. Ct. at 625, or that an employer acted negligently in determining whether its conduct comports with the requirements of the ADEA, *see McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S. Ct. 1677, 1681, 1682 & n.13, 100 L. Ed. 2d 115 (1988), is not sufficient to warrant the imposition of liquidated damages. At the same time, sufficient evidence to satisfy this standard does not require proof that the employer acted with an evil motive, bad purpose, or intent to violate the ADEA. *Thurston*, 469 U.S. at 126 n.19, 105 S. Ct. at 624 n.19; *Lindsey v. American Cast Iron Pipe Co.*, 810 F.2d 1094, 1099 (11th Cir. 1987).

In *Thurston*, the Supreme Court suggested that to prove entitlement to liquidated damages a plaintiff must establish that the employer knew its conduct was prohibited or showed reckless disregard for whether its conduct was prohibited by the Act. In several cases decided subsequent to *Thurston*, this court has adopted this standard. *See, e.g., Verbraeken v. Westinghouse Electric Corp.*, 881 F.2d 1041, 1048 (11th Cir. 1989), *cert. dismissed,* 493 U.S. 1064, 110 S. Ct. 884, 107 L. Ed. 2d 1012 (1990); *Stanfield,* 867 F.2d at 1296; *Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1561 (11th Cir. 1988); *Spanier v. Morrison's Management Services,* 822 F.2d 975, 978 (11th Cir. 1987); *Lindsey,* 810 F.2d at

1099-1101.

904 F.2d at 631-32. In *Carter*, 122 F.3d 997, the court stated that the *Formby* court "held that the jury's rejection of the defendant's pretextual explanation for its adverse employment action combined with the defendant's knowledge that the ADEA prohibited age discrimination sufficed to support an award of punitive damages. *Id.* at 632. Given that those same two factors are also clearly present in this case [*Carter*], the jury's award of such damages will not be disturbed." *Carter*, 122 F.3d at 1006.

"Willfulness is a question of fact for the jury, raising, as it does, issues of the employer's knowledge and understanding of the relationship between certain conduct and the legal requirements of the ADEA." *E.E.O.C. v. Massey Yardley Chrysler Plymouth*, 117 F.3d 1244, 1250 (11th Cir. 1997). Based on the evidence before this court, particularly Herren's "retirement" talk and his acknowledgment that he was aware that the ADEA prohibits discrimination, and the jury's rejection of the defendant's proffered reason for the termination, this court cannot conclude that the jury's verdict was not supported by the evidence and the reasonable inferences therefrom.

### III. CONCLUSION

Premised on the foregoing, the court determines that the defendant's motions for judgment as a matter of law at the close of the plaintiff's case (doc. 53); the renewed motion at the close of all the evidence; the defendant's renewed motion for judgment as a matter of law or, in the alternative, for a new trial (doc. 57); and the defendant's motion to set aside the jury's award of liquidated damages (doc. 58) are all due to be denied. An order consistent with these findings will be entered.

**DONE**, this the 16th day of February, 2000.

JOHN E. OTT
UNITED STATES MAGISTRATE JUDGE

12